UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 MAR -1 AM 11: 47

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| RICHARD LEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-00642 |
| | ) | |
| COMMUNITY HEALTH CENTERS | ) | |
| OF RUTLAND REGION, INC.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ORDER**
**DIRECTING CLERK TO CLOSE THIS CASE**

On November 20, 2023, the United States removed self-represented Plaintiff Richard Ley's action originally filed in Vermont state court to this court. (Doc. 1.) Plaintiff alleges that Defendant Community Health Centers of Rutland Region, Inc. ("CHCRR") was negligent in the provision of dental care to Plaintiff. (Doc. 4.) On November 22, 2023, the United States moved to substitute itself for CHCRR and to dismiss the claims against it for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies. (Docs. 17, 18.) On December 18, 2023, rather than respond to these motions, Plaintiff filed a motion seeking a delay in the case while his subsequently filed administrative complaint is pending. (Doc. 19.) On January 19, 2024, the court denied Plaintiff's motion to stay and extended Plaintiff's deadline to respond to the motions filed by the United States. (Doc. 21) (text-only Order).

On February 15, 2024, Plaintiff timely filed a document titled "Motion to Dismiss" stating he "agree[d] to the motion to dismiss submitted by" the United States. (Doc. 22.)  The next day, the court granted Plaintiff's motion to dismiss. (Doc. 24) (text-only Order).

---

[1] The Clerk is respectfully requested to update the docket to reflect the proper name of the Defendant.

Under Federal Rule of Civil Procedure 41, a plaintiff may dismiss a case without a court order by filing a "notice of dismissal" before an answer or motion for summary judgment is served. Fed. R. Civ. P. 41(a)(1)(A)(i). In this case, because neither has been filed, Plaintiff may voluntarily dismiss his case. Thus, although Plaintiff sought and received court approval, none was required. *See Callanan v. Nat'l R.R. Passenger Corp.*, 2021 WL 1178207, at \*1 (D. Conn. Mar. 29, 2021) ("Because Defendant has not filed an answer or a motion for summary judgment, Plaintiff still has the right to voluntarily dismiss this action without the [c]ourt's intervention, and his motion should be interpreted so as to affect that outcome.") (internal citation omitted).

As a result, upon Plaintiff's filing of his motion, which the court subsequently granted, the case is automatically closed. *See Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ("So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a Notice of dismissal with the Clerk. That document itself closes the file."). Because the case is closed, any remaining motions are denied as moot. *See id.* ("Rule 41(a)(1)[A](i) is the shortest and surest route to abort a complaint when it is applicable. . . . There is nothing the defendant can do to fan the ashes of that action into life[.]").

## CONCLUSION

Plaintiff's motion to dismiss (Doc. 22), which the court has granted, must be treated as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). The Clerk of the Court is respectfully directed to close this case. As a result, all remaining pending motions (Docs. 17, 18) are DENIED AS MOOT.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _1st_ day of March, 2024.

Christina Reiss, District Judge
United States District Court

2